**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2402-19

BRYAN J. VOGEL and
BRITTANY L. VOGEL,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

RIDGE CAPITAL
DEVELOPMENT,
LLC (NJ LICENSE NO.
13VHO7741500) d/b/a RIDGE
RESTORATION, LLC and
STEVEN D'ADDONE,

      Defendants-Respondents/
      Cross-Appellants.

_____

> Argued May 10, 2021 – Decided August 4, 2021
>
> Before Judges Sabatino, Currier and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4940-16.
>
> David Leichtman (Leichtman Law PLLC) of the New York bar, admitted pro hac vice, argued the cause for

appellants/cross-respondents (Robins Kaplan LLP, and David Leichtman, attorneys; David Leichtman, of counsel; Bryan J. Vogel, on the briefs).

Gary T. Steele argued the cause for respondents/cross-appellants.

PER CURIAM

This appeal and cross-appeal arise out of a bench trial concerning a home renovation project in Hoboken. For the reasons that follow, the final judgment is affirmed in part, vacated in part, and the matter is remanded for further proceedings.

The parties are familiar with the many events and details of this litigation, and we need not elaborate upon them here. The following brief overview will suffice. The plaintiff homeowners are Bryan J. Vogel, and his wife Brittany L. Vogel. Defendants are a contractor, Ridge Capital Development, LLC ("Ridge"), and its principal Steven D'Addone.

The property is a three-story townhouse. Plaintiffs live on the top floor with their children and rent out the first and second floors to two tenants. The project in this case involved renovating all three existing floors, plus adding a fourth floor and a garage.

On March 31, 2014, the parties entered into a contract for the work, at a negotiated price of $833,929. The contract specified that the "[t]ime limits

2

stated in the Contract Documents are of the essence," and called for substantial completion of the work within 212 days, i.e., by the end of October 2014. Plaintiffs were concerned about time because they were losing rental income from the two tenants while construction was taking place, and also incurring rent costs for their temporary quarters.

The project start was delayed in obtaining permits and also because the first-floor tenant delayed in moving out. During the course of the work, there were numerous problems that resulted in many change orders, not all of which plaintiffs approved. Among many other things, the builder changed the electrical service from 200 to 300 volts, used substituted products, and made a variety of other alterations. A pipe burst in February 2015 after a cold spell, allegedly because the builder had a temporary plywood door that did not keep out the cold.

For reasons we need not detail here, the project was not finished on time, and plaintiffs did not move in until early June 2015. They hired a replacement contractor to finish the work. Plaintiffs paid the builder over $778,000 and refused to pay about $140,000 in additional sums claimed by the builder for change orders.

A-2402-19

Plaintiffs sued defendants in the Law Division for violations of the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -20, breach of contract, and unjust enrichment. Defendants brought a counterclaim seeking damages and enforcement of a $53,306 construction lien authorized through arbitration pursuant to the Construction Lien Law ("CLL"), N.J.S.A. 2A:44A-1 to -38. Extensive discovery was conducted. The judge sanctioned the defense $27,750 in counsel fees for discovery violations and failing to pre-mark exhibits.

On August 16, 2019, the judge issued a written opinion rejecting all of plaintiffs' claims. The judge granted defendants a judgment for $53,306 on the construction lien counterclaim and denied any additional monies. The essence of her ruling was that the delays and product substitutions were covered by the various change orders, and that defendants "did not act with a deceitful or fraudulent purpose" supportive of the CFA claims.

Plaintiffs moved for reconsideration, principally arguing the judge used the wrong legal standard by requiring them to prove intent to defraud under the CFA for regulatory violations under N.J.A.C. 13:45A-16.2(a).

On January 22, 2020, the judge issued a second written decision, denying reconsideration. The judge acknowledged that the wording of her first opinion

could have been better with respect to concepts of intent, but that nevertheless defendants were not liable under the CFA or for breach of contract.

In their appeal, plaintiffs primarily challenge the court's misuse of an intent standard under the CFA, and also the court's adoption of the lien award without analyzing the merits of that award. They further argue D'Addone should be personally liable to them. Defendants cross-appeal the discovery sanctions, and also argue the judge miscalculated the damages on their counterclaim by applying improper credits in favor of plaintiffs.

Having fully considered the parties' arguments, we vacate the final judgment and remand for further proceedings. The law is clear that regulatory violations under the CFA do not require proof of an intent to defraud. Cox v. Sears Roebuck & Co., 138 N.J. 2, 18-19 (1994) ("In those instances [involving violations of specific regulations], intent is not an element of an unlawful practice, and the regulations impose strict liability . . . ."); see also Allen v. V & A Bros., Inc., 208 N.J. 114, 133 (2011) (citing Cox and stating that "for CFA purposes, regulatory violations are analyzed in terms of strict liability"). The court's first opinion mistakenly used the wrong standard and its opinion denying reconsideration does not cure the problem. Several of the trial court's findings and conclusions did, in fact, refer to intent concepts.

On remand, the court must conduct a regulation-by-regulation analysis of each claimed violation. Plaintiffs will have to show their trial proofs established they suffered an "ascertainable loss" for each such violation to recover damages, as required by N.J.S.A. 56:8-19. See Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 555-57 (2009) (applying the "ascertainable loss" requirement of the CFA to private claims of regulatory violations); Cf. Spade v. Select Comfort Corp., 232 N.J. 504, 523-24 (2018) (noting, by analogy, proof of harm in the form of monetary damages or "adverse consequences" is required for a regulatory violation under the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18).

We do not set aside the findings on breach of contract or other claims, which are supported by substantial credible evidence, consistent with the judge's assessments of witness credibility, and are legally sound. We defer the question of D'Addone's personal liability to the outcome of the remand.

On remand, the trial court also shall analyze the lien award on its merits, as called for under the CLL, N.J.S.A. 2A:44A-14. See also Schadrack v. K.P. Burke Builder, LLC, 407 N.J. Super. 153, 170-71 (App. Div. 2009) ("Even with an approved lien on file for a sum certain, [the contractor] must still prove its

A-2402-19

entitlement to recovery on the merits, in a post-arbitration judicial proceeding."). The court should not accept the arbitrator's award at face value.

Lastly, we discern no abuse of discretion in the imposition of discovery sanctions. See Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 512-13 (1995) (recognizing the authority of trial judges over pretrial proceedings and their "inherent discretionary power to impose sanctions").

On remand, the trial court may in its discretion allow the parties to present additional proofs and briefing if that will be helpful to the court's analysis. Counsel shall provide courtesy copies of their appellate submissions if requested by the trial court. To plan the remand proceedings, the trial court shall convene a case management conference within thirty days.

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2402-19